IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CARL DAVIS BAILEY,                   :

    Plaintiff,                   :

vs.                                  :        CIVIL ACTION 13-536-WS-M

SHERIFF SAM COCHRAN, *et, al*.       :

    Defendants.                  :

## REPORT AND RECOMMENDATION

Plaintiff, Carl Davis Bailey, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review of the complaint, it is recommended that this action be dismissed, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B).

### I. Complaint.

Plaintiff, Bailey, is currently being held as a pre-trial detainee at Mobile County Metro Jail ("the jail"). (Doc. 1 at 3). He filed this § 1983 action[1] alleging Sheriff Sam Cochran and Warden Noah Price Oliver, III, violated his constitutional right of access to the courts. (*Id*. at 4). While an attorney

---

[1] This action was filed on October 31, 2013, after seven months of incarceration, as Bailey was booked into Mobile County Metro Jail on March 25, 2013. (Doc. 1 at 3).

1

was appointed to assist him with his criminal trial, Bailey claims he has only seen his attorney once in seven months, and without the availability of a law library, he "has no way of knowing his civil rights . . .[and] is left with no remedy of legal device." (*Id*.). Bailey states the jail "provides no access to a law library and/or law material" (i*d*. at 3) (emphasis omitted), and he requests compensatory damages in the amount of $250,000.00 and punitive damages in the amount of $500,000.00 against named defendants in their official and individual capacities. (*Id*. at 6).

II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Bailey is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).[2] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. §

---

[2] The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Id.* at 1348-49.

1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner*, 404 U.S.

519, 520 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Inv. v. Cnty. of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 791, 710 (11th Cir. 2010) (relying on *Iqbal*, 566 U.S. 662). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Analysis

A. Bailey's Allegation of Denial of Access to the Courts.

The Fourteenth Amendment grants prisoners the right of access to the courts, *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998), but the courts have held prison law libraries "are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'"[3] *Lewis v.*

---

[3] An inmate's right to access to the courts for trial is typically fulfilled by having a court appointed attorney or having the option of having a court appointed attorney. *See Wilson,* 690 F.2d at 1272 (The offer of court-appointed counsel satisfied the constitutional protection of

*Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). "The limited types of legal claims protected by the access-to-courts right [are] non-frivolous appeals from a conviction, habeas petitions, or civil rights suits." *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir.), *cert. denied*, 555 U.S. 820 (2008); *see also Lewis,* 518 U.S. at 354-55 (The Fourteenth Amendment protects only the right to "[t]he tools . . . need[ed] in order [for prisoners] to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."). Additionally, the Supreme Court has clarified that in order for an inmate to have standing to bring a claim for denial of access to the courts or a law library, the inmate must show a harm that has been suffered or will imminently be suffered. *Lewis*, 518 U.S. at 353-54; *see also Al-Amin*, 511 F.3d at 1332 (The complainant must show "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials.")

---

"meaningful access to the courts."); *Edwards v. United States,* 795 F.2d 958, 961 & n.1, 3 (11th Cir. 1986) (Criminal defendant who proceeds pro se has no right to access a law library to aid him in his defense where he was offered and denied the option of having an attorney). Bailey has been appointed a defense attorney for his criminal charges. (Doc. 1 at 3). Bailey's displeasure with the lack of face-face contact with his attorney does not in-and-of-itself satisfy an allegation for lack of access to the courts.

(internal quotes and citations omitted); *Wilson*, 163 F.3d at 1290 n. 10 (missing filing deadlines is an example of an actual injury).

After a complete review of Bailey's complaint, the Court finds it lacks details and elements needed to state a valid constitutional claim. Specifically, Bailey's complaint fails to mention of the type of legal research he is trying to conduct; he does not articulate any specific impairment in reaching the courts, nor were there facts of malicious interference; furthermore, and most importantly, he does not claim to have suffered any harm or injury due to being denied access to a law library. Bailey's complaint merely states the conclusory allegation that he was denied access to a law library and legal materials. (Doc. 1 at 4). Accordingly, Bailey fails to state a valid claim as he seeks to enforce a right that does not exist. Therefore, pursuant to § 1915(e)(2)(B), it is recommended that Bailey's § 1983 action, consisting of the sole claim of denial of access to a law library and the courts, be dismissed.

   B.   Bailey's Demand for Compensatory and Punitive Damages.

Plaintiff, Bailey, seeks compensatory and punitive damages from defendants for his alleged constitutional violation of denial of access to the courts. (Doc. 1 at 6). As discussed above, Bailey's claim of a constitutional violation for lack of

6

access to a law library or the courts is frivolous and/or fails to state a claim as it lacks the needed element of actual harm to prove such an allegation. For a similar reason, the lack of a physical injury suffered, his request for monetary damages must be dismissed.

Punitive and compensatory damages are only available to a plaintiff who has sustained an injury that is greater than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999). "In an effort to stem the flood of prisoner lawsuits in federal court, Congress enacted the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA")." *Harris v. Garner*, 216 F.3d 970, 971 (11th Cir.), *cert. denied*, 532 U.S. 1065 (2001). Included in the PLRA is 42 U.S.C. § 1997e(e), which provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). [4] Section 1997e(e) is "[r]ead as a limitation on a damages remedy only[.]" *Harris v. Garner*, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), *opinion vacated by* 197 F.3d 1059,

---

[4] "[D]ismissal under this statutory provision of a claim that is filed during confinement should be without prejudice to re-filing the claim if and when the plaintiff is released." *See Harris*, 216 F.3d at 980.

*opinion reinstated in part by* 216 F.3d 970 (11th Cir. 2000). By enacting § 1997e(e), "Congress has chosen to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief, and not through actions for damages." *Id*. at 1289. This section "applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002), *cert. denied*, 540 U.S. 1112 (2004). The statute's clear and broad language encompasses all claims, including constitutional claims, and provides for no exceptions. *Al-Amin v. Smith*, 637 F.3d 1192, 1197 (11th Cir. 2011). Moreover, no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally. *Id*.

Thus, the complete absence of a physical injury to Plaintiff dictates that Bailey's complaint be dismissed for failure to state a claim upon which relief can by granted.

### IV. Conclusion.

Based upon the foregoing reasons, it is recommended that Plaintiff Carl Davis Bailey's § 1983 complaint be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C.

8

§1915(e)(2)(B).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 31st day of January, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

9